## MARY ALEXANDER *v.* R. H. PAXTON.

**Landlord's Lien — Distraint — Replevin.**

> Whether appellant or her son-in-law was the owner of the wheat, on which the landlord held a lien for which he distrained, the appellant's replevy of the distress transferred the lien to her by equitable subrogations.

**Same — Subsequent and Subordinate Liens.**

> The appellee as execution creditor holding a subordinate lien could only have sold the wheat subject to appellant's lien for the payment of the amount of rent discharged by replevin.

**Same — Bond to Suspend Execution for the Purpose of Trying Rights of Property.**

> Appellant's bond to appellee suspending his execution for the purpose of trying the rights of property bound her only for the value of the wheat subject to the lien for rent.

APPEAL FROM MERCER CIRCUIT COURT.

October 10, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Whether the appellant or her son-in-law was the owner of the wheat on which the landlord, Davis, held a lien, for enforcing

which he distrained, her replevin of the distress, instead of destroying, only transferred that lien to her by equitable subrogation. And the appellee as execution creditor holding a subsequent and subordinate lien could only have sold the wheat as subject to her lien for the payment of the amount of rent discharged by replevin.

Consequently her bond to that creditor suspending his execution for the purpose of trying the right of property bound her only for the value of the wheat as thus subject on account of the rent. And its stipulation to pay the value of the wheat should be understood as an undertaking to pay the value of it as thus incumbered.

She was, therefore, liable on the motion for judgment, in this case for only so much of the assessed value of the wheat as remained after deducting the amount paid by her to the landlord for his right, and consequently the instruction of the Circuit Court to the contrary was erroneous.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.